1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CAROLYN BRADLEY, ATTORNEY IN            No.  2:15-CV-1578 TLN CKD PS
     FACT FOR NORMA G. BRADLEY,
12
              Plaintiff,
13                                           ORDER
           v.
14
     WILLIAM G. TAFF AND KAREN D.
15   TAFF, AND DOES 1-10, INCLUSIVE,

16            Defendants.

17

18        This matter is before the Court pursuant to Defendants' Notice of Removal and Motion to

19   Proceed in Forma Pauperis. (Compl., ECF No. 1, 2.)  For the reasons set forth below, Defendants'

20   Motion to Proceed in Forma Pauperis is GRANTED.  The Court hereby REMANDS the action to

21   the Superior Court of California, County of Sacramento, due to lack of subject-matter

22   jurisdiction.

23        **I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

24        On or about May 18, 2015, the Plaintiff Carolyn Bradley ("Plaintiff") bought the property

25   at 3152 Miramonte Drive, Sacramento, CA 95833 ("the Property") at a trustee's sale following

26   foreclosure proceedings.  (ECF No. 1 at 10.)  The Complaint alleges that on June 9, 2015, the

27   Defendants William G. Taff and Karen D. Taff ("Defendants") were served a three-day written

28   notice to vacate the Property and deliver up possession of the Property, in accordance with Cal.

                                                1

1    Civ. Pro. Code § 1161a(b)(3).  (ECF No. 1 at 10.)  Plaintiff claims that three days passed without

2    Defendants' compliance, and that Defendants continue to possess the Property without Plaintiff's

3    consent.  (ECF No. 1 at 10.)

4         Plaintiff commenced an action for unlawful detainer in the Superior Court of California,

5    County of Sacramento, on June 15, 2015.  On July 23, 2015, Defendants filed a Motion to

6    Proceed in Forma Pauperis and a Notice of Removal in United States District Court, Eastern

7    District of California.  (ECF No. 1, 2.)

8    **II.     STANDARD OF LAW**

9         28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the

10   district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is

11   proper only if the court could have exercised jurisdiction over the action had it originally been

12   filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

13        Courts "strictly construe the removal statute against removal jurisdiction," and "the

14   Defendants always have the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*,

15   980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time

16   determines that it lacks subject matter jurisdiction over the removed action, it must remedy the

17   improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer*

18   *v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544

19   U.S. 974 (2005).

20        The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded

21   complaint rule,' which provides that federal jurisdiction exists only when a federal question is

22   presented on the face of the Plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.

23   Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a

24   federal question, whether filed in state court or federal court.  *See Vaden v. Discover Bank*, 556

25   U.S. 49, 61–62 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

26   **III.     ANALYSIS**

27        Defendants removed this case to this Court on the basis of federal question jurisdiction.

28   Defendants argue that this case is a federal question under the Protecting Tenants at Foreclosure

1    Act of 2009 ("PTFA").[1]  (ECF No. 1 at 2.)

2        Defendants state that the Plaintiff's "Notice to Occupants to Vacate Premises failed to

3    comply with the Tenants at Foreclosure Act [12 U.S.C. § 5220]."  (ECF No. 1 at 2.)  Plaintiff's

4    Complaint did not reference to the PTFA.  The Complaint itself contains only a single claim for

5    unlawful detainer.  (ECF No. 1 at 9–10).  Under the well-pleaded complaint rule, "federal

6    [question] jurisdiction exists only when a federal question is presented on the face of the

7    Plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  The instant Complaint

8    relies solely on California state law and does not mention expressly or impliedly 12 U.S.C. §

9    5220.  The Complaint does not state claims under the PTFA or any other federal law.  The well-

10    pleaded complaint rule makes the Plaintiff the master of his claim, so he may avoid federal

11    jurisdiction by basing his claim exclusively on state law, as is the case here.  *Caterpillar*, 482

12    U.S. at 392.

13        Defendants allege the statute is at issue because the Plaintiff's "Notice to Occupants to

14    Vacate Premises" was defective and failed to comply with the PTCA.  (ECF No. 1 at ¶ 8.)  It

15    seems Defendants mean to assert subject matter jurisdiction by alleging Plaintiff violated the

16    PTFA.[2]  However, Defendants' assertions are unavailing because removal cannot be based on a

17    defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in

18    state court or federal court.  *See Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at

19    1042–43.  While Defendants contend in the notice of removal that Plaintiff has violated a federal

20    law, this assertion relates only to an affirmative defense or potential counterclaim, which is not

21    considered in evaluating whether a federal question appears on the face of a Plaintiff's complaint.

22    *See Vaden*, 556 U.S. at 60–62.  "[A] counterclaim – which appears as part of the defendants'

23

---

24    [1]    The court notes that the Plaintiff also moved to remand on the grounds that Defendants'
     removal procedure was defective. However, the court declines to address Defendant's removal
25    procedure because the suit should be remanded due to lack of subject-matter jurisdiction.
     [2]    In any event, the Ninth Circuit has held that no private right of action exists under the
26    PTFA. *Logan v. U.S. Nat. Assoc.*, 722 F.3d 1163, 1173 (9th Cir. 2013). Further, "the PTFA is
     framed in terms of 'protections' for tenants, suggesting that it was intended to provide a defense
27    in state eviction proceedings rather than a basis for offensive suits in federal courts." *Id*. at 1173
     (emphasis added).
28

3

1  answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under'

2  jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831

3  (2002).

4      In summary, the state court Complaint indicates that the only cause of action is one for

5  unlawful detainer, which arises solely under state law and not under federal law.  Thus, this action

6  does not arise under federal law and no other grounds for federal jurisdiction are apparent.

7  Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction.  *See*

8  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the

9  district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua*

10  *sponte,* whether the parties raised the issue or not.").

11  **IV.   CONCLUSION**

12      Defendants have submitted the affidavit required by 28 U.S.C. § 1915(a) showing that he

13  is unable to prepay fees and costs or give security for them.  Accordingly, the Court hereby

14  GRANTS Defendants' Motion to Proceed in Forma Pauperis.  (ECF No. 2.)

15      For the foregoing reasons, the Court hereby REMANDS the action to the Superior Court

16  of California, County of Sacramento

17      IT IS SO ORDERED.

18  Dated:  September 1, 2015

20  Troy L. Nunley
United States District Judge

4